**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-30040-MJR |
| | ) | |
| COREY HINES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**REAGAN, District Judge:**

On March 5, 2008, Defendant Corey Hines was charged in a one-count indictment with possessing a prohibited object (marihuana) in the United States Penitentiary at Marion, Illinois. At Hines's initial appearance and arraignment before Magistrate Judge Philip M. Frazier, he indicated that he wished to proceed *pro se*. Judge Frazier appointed the federal public defender as standby counsel. On April 23, 2008, a three-count Superseding Indictment was returned charging Hines with possession of a prohibited object (marihuana) by an inmate, possession of marihuana with intent to distribute, and conspiracy to distribute and possess with intent to distribute marihuana and heroin.

On his own motion, the undersigned District Judge, raised the issue of Hines's competency to proceed to trial herein. At an in-court hearing on April 10, 2008, the Court encouraged Hines, in the strongest terms, to withdraw his request to proceed *pro se* and to permit Assistant Federal Public Defender Daniel Cronin (presently standby counsel) to represent him. Hines refused the appointment of counsel. Apparently questioning the jurisdiction of this Court over him, he stated that he did not understand how he came to be citizen of the United States. He stated

1

that he had no paper to prove that he is a citizen and further stated that his mother had "birthed" him in the United States rather than his being born in this country. Subsequently, Hines refused to communicate with the Court and with standby counsel. He also refused an opportunity to review the evidence against him.

Believing it to be a prudent step, on May 2, 2008, the Court continued trial and ordered, pursuant to 18 U.S.C. § 4241, a psychiatric/psychological examination of Hines, who appeared to be unable to assist in his own defense. On August 27, 2008, the Court received a Forensic Report from the U. S. Medical Center for Federal Prisoners. The clinical psychologist who evaluated Hines was unable to determine conclusively Hines's competency because Hines refused to cooperate fully with the evaluation. The psychologist recommended, in light of this diagnostic uncertainty, that Hines be referred under 18 U.S.C. § 4241(d) for a four-month period of competency restoration. Based on a thorough review of the record and the Court's observation of Hines during the September 4th hearing, the Court concluded that it was better to err on the side of caution and refer Hines for the requested period. The Court concluded, "Until the diagnostic uncertainty can be clarified, the Court must assume that Hines suffers from a mental disease or defect that renders him incompetent, in that he is unable to rationally understand the proceedings, is unable to consult with his standby counsel with a reasonable degree of rational understanding, and is otherwise unable to assist in his defense." Doc. 54, Order. The Court then directed that Hines be referred for a four-month period of competency evaluation and restoration, and continued trial.

While undergoing the Court-ordered competency evaluation, Hines filed two *pro se* motions: motion to dismiss for lack of *in personam* jurisdiction (Doc. 47) and motion for permanent injunction against standby counsel (Doc. 55).

A court may not accept an accused's waiver of counsel until it determines that the

2

defendant understands the nature of the charge against him, the range of allowable punishments, and his right to have counsel appointed to him if he is indigent. *See Iowa v. Tovar,* **541 U.S. 77, 81 (2004)**. As the United States Supreme Court recently stated, "[I]nsofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial." ***Indiana v. Edwards*, 128 S.Ct. 2379, 2387 (2008)**. The Court concluded, "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Id*. **at 2387-88**.

In order to proceed *pro se*, a criminal defendant must make a "knowing and intelligent" waiver of the right to counsel. ***United States v. Johnson* 534 F.3d 690, 693 (7th Cir. 2008) (citing *Faretta v. California,* 422 U.S. 806, 835 (1975); *United States v. Hoskins,* 243 F.3d 407, 410 (7th Cir. 2001))**. It follows that a defendant is not entitled to represent himself until it has been determined that he is competent to waive counsel. ***Godinez v. Moran,* 509 U.S. 389, 400 (1993)**. For all of the above reasons, it is clear that Hines is not entitled to represent himself until his competency to waive his right to counsel is established.

Accordingly, the Court **DENIES** without prejudice Hines's *pro se* motion to dismiss for lack of *in personam* jurisdiction (Doc. 47) and motion for permanent injunction against standby counsel (Doc. 55). Until Hines's competency for self-representation is established, the Court **DIRECTS** the Clerk's Office not to file any further documents submitted by Hines without referring them to chambers for a determination of whether they should be filed or should be returned to Hines.

**IT IS SO ORDERED.**

**DATED this 19th day of September, 2008**

<pre>                                          <u>**s/Michael J. Reagan**</u>
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**</pre>