IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 08-CR-30040-MJR |
| COREY HINES, | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On March 5, 2008, Corey Hines was charged in a one-count indictment with possession of marihuana while an inmate at the United States Penitentiary in Marion, Illinois ("USP-Marion"). On April 23, 2008, a three-count superseding indictment was returned charging him with possession of marihuana, possession with intent to distribute marihuana, and conspiracy to distribute and to possess with intent to distribute marihuana and heroin while an inmate at USP-Marion. From Hines's earliest court appearance, he has evinced an adamant desire to represent himself in these proceedings. *See* Doc. 5.

On May 2, 2008, the Court *sua sponte* ordered a psychological/psychiatric examination of Hines. On August 27, 2008, the Court received a forensic report, in which the psychologist explained her uncertainty as to Hines's diagnosis and his ability to proceed *pro se* as follows:

> If Mr. Hines manifests a Delusional Disorder, then it appears it interferes with his rational appreciation of his legal situation and ability to assist properly in his own defense.... Alternatively, if Mr. Hines's uncooperative behavior and unusual statements are the result of severe character pathology (*e.g.*, Antisocial Personality

1

Disorder and/or Paranoid Personality Disorder), then he would be considered competent as these are not considered major mental illnesses.

In light of the diagnostic uncertainty, the psychologist sought, and the Court granted, a referral for a four-month period of competency evaluation and restoration.

The Court received a second forensic report on December 18, 2008. Therein, the psychologist opined that, at the present time, Hines does not suffer from a mental illness and is competent to proceed. The warden of the medical center signed a certificate of competency. With the examinations complete and the psychologist's opinion rendered, the Court set a competency hearing for September 3, 2009.[1]

Hines was duly brought to the courthouse on September 3 for his competency hearing, but, at the time of the hearing, a Deputy United States Marshal informed the Court that Hines refused to leave his cell. The Court indicated that it was not inclined to force him.

Standby counsel, Assistant Federal Public Defender Daniel Cronin, stated that he had written to Hines about two weeks earlier, offering assistance, but he had received no answer. Additionally, Cronin indicated that Hines had refused his visit when he drove to Marion County Jail, where Hines is incarcerated. Hines also refused to see Cronin at the courthouse prior to the hearing when Cronin attempted to explain the role of standby counsel to him. Federal Public Defender Philip Kavanaugh spoke with Hines in his cell during the hearing. Kavanaugh reported to the Court that he had explained Hines's rights to him, but Hines chose not to come to Court, understood his rights and waived those rights through proxy. In sum, Kavanaugh stated that Hines "won't come

---

[1]The Court notes that proceedings were stayed as a result of Hines's filing interlocutory appeals of the Court's orders with the Seventh Circuit Court of Appeals. The appellate court's mandate dismissing the appeals was received by the Court on September 1, 2009 (Doc. 121).

up here."

The Court directed a Deputy Marshal to deliver a letter to Hines which stated, "At 11:00 a.m. today the competency hearing in your case will proceed with or without you. If you would like to represent yourself at the competency hearing, I need to have a conversation with you that convinces me that you are capable of proceeding." The Deputy Marshal read the letter to Hines in his cell and gave him a copy as well. The Deputy Marshal reported to the Court that he and Hines communicated without difficulty, that Hines understood the situation and that he had "no interest in coming up here."

Upon the Court's inquiring, the Deputy Marshal said that the Marshals could force Hines to come to Court if he remained unwilling using - if necessary - full restraints (belly chain, arm and leg restraints) and a wheelchair. The Court asked if there would be risk, and the Deputy Marshal responded that there would be risk and that four deputies would be needed. Neither the Government nor standby counsel had any questions for the Court or the Marshal. The Court then proceeded with the competency hearing without Hines's presence and with standby counsel Cronin acting for him.

Neither the Government nor Cronin objected to the Court's taking judicial notice of the forensic reports. The Government indicated that it had no information to contradict the psychiatric evaluation and no reason to think that Hines was not competent to proceed. Cronin stated that, in light of Hines's responsiveness when questioned by Federal Public Defender Kavanaugh and the Marshal, he believed that Hines showed understanding that evidenced legal competency.

Accordingly, the Court having heard the evidence and considered the findings of the

forensic psychologist, found on the record and now hereby **DECLARES** Defendant Hines competent to proceed to trial. More specifically, the Court **FINDS** that Corey Hines is *not* presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, as a result of the Court's finding, Hines's motions that were related to preparation for the competency hearing are **DENIED as moot** (Docs. 92, 94, 99).

**IT IS SO ORDERED.**

**DATED this 9th day of September, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**