# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-30040-MJR |
| ) | |
| COREY HINES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Although these proceedings have followed a rather convoluted path, at least one thing has remained consistent throughout: from Defendant Corey Hines's earliest appearance in Court, he has unequivocally asserted his desire to proceed *pro se*. At his March 18, 2008, initial appearance and arraignment before Magistrate Judge Philip M. Frazier, Hines indicated that he wished to represent himself in these proceedings. As a result, Judge Frazier appointed Assistant Federal Public Defender Daniel G. Cronin as standby counsel for Hines. At various hearings before the undersigned District Judge, Magistrate Judge Frazier and Magistrate Judge Proud, Hines has remained adamant, even insisting that no attorney attempting to represent him be present in the courtroom during his trial.

On September 3, 2009, the undersigned District Judge conducted a competency hearing *in absentia* when Hines refused to leave his cell to participate in the scheduled hearing. *See* Memorandum and Order, Doc. 127. Ultimately, the Court declared, based on the evidence and the findings of the forensic psychologist, that Hines was competent to proceed to trial. Specifically, the

1

Court found that Hines was not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

After the competency hearing, the Court proceeded to a *Faretta* colloquy to determine whether Hines should be permitted to proceed *pro se*. **California v. Faretta, 422 U.S. 806 (1975)**. A criminal defendant's Sixth Amendment right to counsel "grants to the accused personally the right to make his defense ... for it is he who suffers the consequences if the defense fails." *Id.* **at 819-20**. However, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id.* **at 834 n. 46,** *citing Illinois v. Allen***, 397 U.S. 337(1970)**.

Before permitting a criminal defendant to proceed *pro se*, the defendant must "knowingly and intelligently" forgo the traditional benefits associated with the right to counsel. *Id.* **at 835 (citations omitted)**. "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id***. (citation omitted);** *United States v. Johnson***, 534 F.3d 690, 693 (7th Cir. 2008)**.

Because Hines had refused to leave his cell for the competency phase of the hearing, the Court questioned whether he would participate in the *Faretta* colloquy. After discussion with the Government and standby counsel Cronin, the Court decided to send a written communication to Hines, as it had when considering Hines's competency to proceed to trial. The Court was unwilling to conduct the colloquy through written questions, as suggested by Cronin, because Hines's

2

demeanor - how he answered - was as important as what he said.

As a result, the Court communicated with Hines through a letter hand-delivered by a Deputy United States Marshal, as follows:

> I have just ruled, after hearing, that you are competent to proceed with your trial. The United States Marshals Service will now invite you to attend a hearing at which I will determine if you can proceed pro se, that is, can represent yourself at these proceedings.
> Failure on your part to voluntarily attend this hearing will result in one of the following:
> 1) You give up your right to represent yourself; or
> 2) You are physically forced to attend proceedings; or
> 3) The Court takes any other action provided for under Supreme Court or Seventh Circuit Court of Appeals authority.

The Deputy Marshal returned to the courtroom and reported that he had invited Hines to attend the hearing, but Hines had said no. The Deputy Marshal also advised the Court that, at the Court's request, Hines would be brought to the courtroom. In response to the Court's query, the Marshal stated that Hines would be fully restrained (belly chain as well as arm and leg restraints) and brought in a wheelchair if necessary. The Marshal also stated that there was a risk of injury both to Hines and to the Marshals who would be involved in removing Hines from the cell and bringing him to the courtroom. The Court concluded that it would not physically force Hines to attend proceedings.

Thus, despite the Court's warning, Hines refused to attend the hearing at which the Court would determine if he could represent himself at these proceedings. The Court proceeded with the hearing in his absence.

The Supreme Court, in *Illinois v. Allen*, **397 U.S. 337(1970)**, provided guidance on the type of behavior that would justify a court's imposing counsel on a defendant. An accused cannot "be permitted by his disruptive conduct indefinitely to avoid being tried on the charges

3

brought against him. It would degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them charged with crimes." *Allen,* **397 U.S. at 346**.

Nor does the Court need to wait until a defendant is obstructive at trial to make the determination of whether the defendant has waived his right to represent himself. In ***United States v. Brock,* 159 F.3d 1077 (7th Cir. 1998)**, the Seventh Circuit Court of Appeals confronted issues very similar to those now facing this Court. The appellate court affirmed the district court's revocation of the defendant's *pro se* status where the defendant "refused to answer the [c]ourt's questions or to cooperate in any way with the proceedings." ***Brock*, 159 F.3d at 1080 (citation omitted)**. In *Brock*, the defendant repeatedly challenged the court's authority and refused to answer any questions regarding whether he wished to be represented by counsel. *Id.*; *see also **United States v. Brown*, 791 F.2d 577, 578 (7th Cir. 1986) (noting that "[a] court faced with a defendant's refusal to proceed ... may ... rescind the defendant's permission to proceed as his own counsel")**.

As with *Brock*, in the current proceeding, Hines has repeatedly challenged the Court's authority, refused to answer the Court's questions and refused to cooperate in proceedings. On April 21, 2008, the Government notified the Court that Hines was given the opportunity to review items of physical evidence in this case prior to trial, but Hines refused to review the evidence or even come out of his holding cell (Doc. 20). On May 1, 2008, Magistrate Judge Clifford J. Proud conducted an arraignment and detention hearing on the superseding indictment (Doc. 28). At those proceedings, Hines refused to be sworn and refused to speak. Judge Proud heard the Government's proffer as to detention, and Hines did not respond when asked for rebuttal.

At the June 26, 2008, status conference before the undersigned District Judge, Hines

4

refused to speak. Again, at the September 4, 2008, competency hearing Hines refused to answer the Court's questions. The Court explained that it wanted to give Hines a fair trial and knew that Hines enjoyed a presumption of innocence, but Hines's response was that the Court was insulting him and that he would not "explain it to you." Hines refused to respond when the Court asked if there were any objections to the first forensic report. Hines's standby counsel, Cronin, reported that Hines would not communicate with him and that he had no objection to the report. Hines had no comment when the Court asked if he understood that the psychologist's request was to send him back to the medical center for four months. At the conclusion of the hearing, Hines inquired, "Are we finished?" The Court recessed with the response that it certainly did not want to burden Hines by taking up any more of his time.

Furthermore, Hines has repeatedly asserted that this Court lacks jurisdiction over him because he is not a citizen of the United States. For example, in his June 20, 2008, objection to a competency examination, Hines wrote that his "refusal to accept the delusion said Judge and prosecutor wish to usurp upon defendant due in whole to defendants [sic] awakening from his state of slumber, induced via the customs and traditions of 'slavery' codified as citizenship enacted long ago is not an issue of competency but JUSTICE...." (Doc. 36) (emphasis in original). On August 15, 2008, Hines moved to dismiss the action against him, again claiming that the Court lacked jurisdiction over him and had no authority to proceed because he is not a citizen bound by the obligations of this government (Doc. 47). More specifically, Hines claimed that his mother's consent at his birth is moot and unenforceable because it was done incompetently; therefore, his "certificate of arrival," *i.e.*, birth certificate, is "void ab initio." *Id*.

In sum, time and again, Hines has refused to accept this Court's jurisdiction and to

participate in these proceedings. Both by his prior conduct and by his refusal to appear for his *Faretta* hearing, Hines has forfeited his Sixth Amendment right to self-representation. The Court specifically informed Hines that his refusal to appear at the *Faretta* hearing could result in a waiver of his right to represent himself. Nevertheless, Hines remained adamant that he would not leave his cell. His lack of good faith cooperation with the Court signals a desire to delay and severely impede these proceedings.

For all of these reasons, the Court **FINDS** that Hines's denial of this Court's jurisdiction, his refusal to participate in conferences and his refusal to attend the *Faretta* hearing satisfy the constitutional requirement of a knowing and voluntary waiver of his right to represent himself at trial. The Court **APPOINTS** Assistant Federal Public Defender Daniel Cronin to represent Hines in this action. Because Hines is now represented by counsel, the Court **DENIES as moot** the pending motions filed by Hines (Docs. 100, 102, 103, 107, 109 and 114). Furthermore, since the Court's jurisdiction over Hines is no longer at issue, the Court **DENIES without prejudice** the Government's motion in limine regarding the personal jurisdiction defense (Doc. 120). The Court affirms that an in-court hearing regarding the current status of the law with respect to Hines remains set for September 24, 2009, at 1:30 p.m.

**IT IS SO ORDERED.**

**DATED this 11th day of September, 2009**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**