IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CR-30040-MJR |
| | ) |
| COREY HINES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On September 15, 2009, Defendant, Corey L. Hines, filed a *pro se* Notice of Interlocutory Appeal, challenging the Court's September 9 ruling that he is competent to proceed to trial (Docs. 127, 129). Defendant filed a second *pro se* Notice of Appeal on September 29, challenging the Court's September 11 ruling that he has waived his right to represent himself at trial (Docs. 128, 136). Despite the filing of these interlocutory notices of appeal, the Court finds that it retains jurisdiction over this case and that this case may proceed to trial.

**I.    Legal standards**

"Appellate jurisdiction is generally limited to review of 'final decisions' by the district courts." ***United States v. Ewing***, **494 F.3d 607, 614 (7th Cir. 2007),** *citing* **28 U.S.C. § 1291**. "This limitation embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." ***Id., citing United States v. Nixon*, 418 U.S. 683, 690 (1974)**. "In the criminal context, the general rule is that an appeal may not be taken until a sentence has been imposed." ***Id., citing Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997)**.

"The general rule ... that an appeal suspends the district court's power to proceed further in a cause ... has no application where there is a purported appeal from a nonappealable order. ***United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983),** *citing* ***United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982)**. "[W]here a defendant's motion to dismiss ... is frivolous or fails to raise a colorable claim..., the mere filing of a Notice of Appeal is insufficient to divest the district court of jurisdiction." ***Id.*,** *citing* ***United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980)**.

## II. Analysis

### A. Defendant's interlocutory notices of appeal relate to non-final orders

First, Defendant's appeal of the Court's ruling that he is competent to proceed to trial is not a final, appealable order. The competency issue does not "fall into the small class of orders that courts have found immediately appealable." ***United States v. Mandycz*, 351 F.3d 222, 225 (6th Cir. 2003)**. The issue is fully reviewable on appeal after final judgment and entails no "uncorrectable loss of liberty." ***Id***.

Even if the Court's competency ruling were amenable to interlocutory review, Defendant's appeal is frivolous. He has maintained both in written pleadings and orally - when he has chosen to speak - that he is competent to proceed and that no competency evaluation was needed. His appeal of an Order that accords with what he has always maintained to be true is manifestly frivolous. ***See Cannon*, 715 F.2d at 1231 (proceeding with trial proper where interlocutory appeal was frivolous)**.

For these reasons, Defendant's interlocutory notice of appeal as to this issue does not divest this Court of jurisdiction to proceed.

Second, Defendant's appeal of the Court's ruling that he waived his right to proceed

*pro se* is not a collateral order or otherwise subject to appeal. The Supreme Court provided guidance on this issue in ***Flanagan v. United States*, 465 U.S. 259 (1984)**. In *Flanagan*, the Court decided that a district court's pretrial disqualification of defense counsel in a criminal prosecution was not immediately appealable. **465 U.S. at 260**. "An order disqualifying counsel lacks the critical characteristics that make orders denying bail reduction or refusing to dismiss on double jeopardy ... grounds immediately appealable. Unlike a request for bail reduction, a constitutional objection to counsel's disqualification is in no danger of becoming moot upon conviction and sentence." ***Id.* at 266**. The Court noted that the counsel of choice issue "is like, for example the Sixth Amendment right to represent oneself" and that "post-conviction review of a disqualification order is fully effective." ***Id.* at 267-68*, citing Faretta v. California,* 422 U.S. 806 (1975)**. It is evident from the Supreme Court's analysis that an order finding that a defendant has waived his right to proceed *pro se* is analogous to an order disqualifying counsel and, as such, lacks the critical characteristics that make it immediately appealable.

For these reasons, Defendant's interlocutory notice of appeal as to this issue does not divest this Court of jurisdiction to proceed.

Third, in the Court's orders finding Hines competent to proceed to trial and finding that he had waived his right to represent himself at trial, the Court also denied various pending motions. The first three of these motions (Docs. 92, 94 and 99) related specifically to Defendant's desire to prove himself competent to proceed and were rendered moot when the Court found him competent. As set forth above, to appeal an order that accords with what Defendant has always maintained to be true is manifestly frivolous.

The following motions were denied when the Court found that Defendant had waived the right to represent himself and appointed counsel for him: a discovery motion requesting that the

Government be ordered to produce Defendant's birth and citizenship documents to support his assertion of a personal jurisdiction defense (Docs. 100 and 107); a discovery motion requesting that the Government be ordered to produce a 2005 detainer from the United States District Court for the Eastern District of Missouri which related to his prior conviction (Doc. 102); an *in forma pauperis* motion apparently related to a 2005 Eastern District of Missouri case (Doc. 103); a motion for a mandatory injunction against the jail facility and the United States Marshals Service for alleged violations of his constitutional rights (Doc. 109); and a motion to dismiss alleging violations of his *Miranda* rights and right to a prompt indictment (Doc. 114). None of these motions are the proper subjects of interlocutory appeals.

A district court's rulings on discovery motions are not subject to interlocutory review. Even burdensome and expensive discovery has not been found to justify premature appeal of discovery orders. **See Reise v. Bd. of Regents of Univ. of Wis. Sys., 957 F.2d 293 (7th Cir. 1992) ("The travail and expense of discovery and trial cannot be reversed at the end of the case, yet this has never been thought sufficient to allow pre-trial appeals [of discovery orders]")**. Appeal is certainly unwarranted in the instant case where the outcome of the appeal would not affect the law that is applied to the substantive issues of the case or advance the ultimate conclusion of the litigation. **See United States v. Zimmelman, 634 F.2d 1237, 1238 n.2 (9th Cir. 1981) ("We have no jurisdiction to consider the denial of discovery until after a final judgment.")**. In short, if the appellate court found discovery orders worthy of appeal, it would be inundated by a wave of litigants demanding their review. These motions are not a proper basis for an interlocutory appeal.

Defendant's motion to proceed *in forma pauperis*, which is related to his prior Eastern District of Missouri case, and his motion regarding his treatment at Marion County Jail and by the United States Marshals Service are irrelevant to these proceedings. They are not final, appealable

orders and are, in any case, frivolous. The Court is not divested of jurisdiction by Defendant's appeal as to these motions.

Defendant's motion to dismiss based on alleged *Miranda* violations - which is best characterized as a motion to suppress testimonial evidence - is not final and appealable until judgment has been entered on the verdict. "A long line of cases clearly establishes that a defendant may not take an interlocutory appeal from an order denying a motion to suppress evidence." ***United States v. Dorfman,* 690 F.2d 1217, 1222 (7th Cir. 1982),** *citing Di Bella v. United States*, **369 U.S. 121, 131 (1962);** *Cogen v. United States*, **278 U.S. 221, 223 (1929)**. Consequently, the Court's order is not final and appealable in its own right. Moreover, Defendant's allegations regarding improper promises made to him to secure his confession and an improper pre-indictment delay are baseless and not appropriate grounds for an interlocutory appeal. ***See, e.g., United States v. McDonald,* 435 U.S. 850 (1978) (Defendant may not file an interlocutory appeal of decision denying motion to dismiss on speedy trial grounds);** *United States v. Cavin*, **553 F.2d 871 (4th Cir. 1979) (dismissing interlocutory appeal where defendant alleged that the Government had violated his privilege against self-incrimination by inducing him to divulge information by a promise not to prosecute)**. As a result, the Court is not divested of jurisdiction by Defendant's appeal of this motion.

### B.     The Public Interest

Lastly, but certainly of fundamental importance, is the public's interest in promptly bringing this case to trial. ***Flanagan*, 465 U.S. at 264,** *citing Barker v. Wingo*, **407 U.S. 514, 519 (1972)**. In *Flanagan*, the Supreme Court identified numerous factors supporting the societal interest in a speedy trial, including concerns that evidence and witnesses may disappear and testimony become more easily impeached as events become more remote as well as the cost of pretrial detention. *Id.*

The Court summed up,

> Finally, when a crime is committed against a community, the community has a strong collective psychological and moral interest in swiftly bringing the person responsible to justice. Prompt acquittal of a person wrongly accused, which forces prosecutorial investigation to continue, is as important as prompt conviction and sentence of a person rightly accused. Crime inflicts a wound on the community, and that wound may not begin to heal until criminal proceedings have come to an end. ***Id.* at 264-65**.

This case was originally filed in March 2008, and further delay serves neither Defendant nor the public interest.

### C. Trial Procedure

The Court is mindful of the Confrontation Clause of the Sixth Amendment to the United States Constitution, which provides, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const., Amdt. 6. "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial. ***Illinois v. Allen*, 397 U.S. 337, 338 (1970),** *citing* ***Lewis v. United States*, 146 U.S. 370 (1892)**. In *Allen*, the Supreme Court explicitly held,

> [A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. ***Id.* at 343**.

While the Court will "indulge every reasonable presumption against the loss of constitutional rights," it will not allow these proceedings to be disrupted by conduct that is disruptive and disrespectful of the Court. ***Id.*, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)**.

The Government (represented by AUSA James Cutchin) and Defendant (represented by AFPD Daniel Cronin and FPD Philip Kavanaugh) agree that Defendant must be present for

commencement of trial, *i.e.*, "when the work of empaneling the jury begins." ***United States v. Williams***, **1994 WL 696511, \*2 (4th Cir. 1994)**, *quoting* ***Lewis v. United States***, **146 U.S. 370, 374 (1892)**.

As the Seventh Circuit Court of Appeals observed in ***United States v. Watkins***, **983 F.2d 1413 (7th Cir. 1993)**,

> At least since the watershed opinion of Justice Cardozo in *Snyder v. Massachusetts,* 291 U.S. 97 (1934), federal courts have recognized two grounds that might justify the absence of the defendant. In *Snyder,* the Justice noted that a defendant in a criminal case may lose the right to be present at trial either "by consent or at times even by misconduct." *Id.* at 106. While these two bases, consent and misconduct, are analytically independent, it must be remembered that consent need not be explicit. It may be implicit and turn, at least in part, on the actions of the defendant. Therefore, while, in determining consent, the district court ought always to attempt to secure explicit evidence of the defendant's wishes, it may also base its conclusions on the defendant's actions.  **983 F.2d at 1419-20**.

For the Court to find that Defendant has knowingly and voluntarily waived his right to be present at trial, it must "attempt to secure explicit evidence of the defendant's wishes, [but] it may also base its conclusions on the defendant's actions." ***Id*. at 1420**.

In *Watkins*, the defendant refused to leave his cell for his trial and was ultimately forced to the courtroom. ***Id*. at 1415**. The district court conducted a three-minute hearing, after which it concluded "that the defendant understood the implications of his actions and was capable of consulting with counsel." ***Id*. at 1416**. The court then ordered the defendant removed from the courtroom.  The Seventh Circuit reversed, finding that a more complete hearing should have been held to justify such a decision where the district court did not directly address the defendant, who remained passive, and attempt to ascertain whether he understood that his actions were being construed as a waiver of his right to be present. ***Id*. at 1420**.

For these reasons, the Court will require Defendant to be present in the courtroom at

the commencement of trial. The Court will conduct a hearing so that Defendant understands the implications of his actions and that those actions are being construed as a waiver of his right to be present at trial. If after the hearing, it is clear that a valid waiver has been made, Defendant will not remain in the courtroom. Or, stated more specifically, if Defendant disrupts proceedings, he will be deemed to have waived his Sixth Amendment right to appear at trial and confront witnesses against him. He will be removed to another part of the courthouse where he may watch his trial via closed circuit TV with FPD Kavanaugh sitting with him, trial counsel AFPD Cronin appearing in court and telephone communications available among them. Defendant may, however, reclaim his right to be present as soon as he is willing to conduct himself in a manner consistent with the respect due in judicial proceedings.

### III.   Conclusion

For all of the foregoing reasons, the Court concludes that it has not been divested of jurisdiction to proceed in this case by the filing of Defendant's improper interlocutory notices of appeal. This matter will proceed to trial, as currently scheduled, at 9:00 a.m. on Monday, October 19, 2009, according to the protocol set forth above. The United States Marshals Service is **ORDERED** to use the minimal amount of force necessary to secure Defendant's appearance at trial.

**IT IS SO ORDERED.**

**DATED this 28th day of September, 2009**

>                                         s/Michael J. Reagan
>                                         **MICHAEL J. REAGAN**
>                                         **United States District Judge**