IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cr-30040-MJR |
| | ) | |
| COREY LOUIS HINES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge**:

The pending motion in this closed criminal case concerns whether to reduce Corey Hines' sentence pursuant to Amendment 782, a 2014 alteration to the Sentencing Guidelines that lowered by two the offense level assigned to certain drug quantities. In 2008, Hines was charged with possession of marijuana by an inmate, possession of marijuana with the intent to distribute, and conspiracy to distribute and possess marijuana and heroin with the intent to distribute. Hines pled not guilty and went to trial, and that trial was the stuff of legends. On the first day of trial, Hines refused to enter the courtroom, became unruly when his presence was compelled, told the undersigned that he would be "very disruptive" if the Court attempted to "bring [him] back in this courtroom," and said he would spit in his defense lawyer's "fuckin' face." A recess was taken, and while Hines was out of the courtroom in a secure area, he told a deputy that he was going to do whatever it took to not come back into the courtroom— Hines told the deputy that he would throw urine, spit, and throw feces on defense

1

lawyers and would try to assault the undersigned if his presence was forced. Given his behavior, the Court found that Hines had waived his right to be present at the trial and the trial went forward without him. The jury found Hines guilty of the two possession charges and Hines was sentenced to a total term of 144 months imprisonment, consisting of 60 months on the first count and a consecutive term of 84 months on the second. That sentence took into account Hines' long criminal history as well as his conduct towards the Court and Court personnel during his trial. It also took into account the fact that Hines threw a fecal urine cocktail at a prison official before he was indicted in this case and boasted of his success in getting the cocktail into the official's "fuckin' mouth" at his sentencing for this matter. Hines' conviction and sentence were affirmed by the Seventh Circuit, and his petition for habeas relief was later rejected.

On April 4, 2016, Hines filed the instant motion to reduce his drug sentences in light of Amendment 782. Hines said in his motion that he didn't want counsel appointed to assist him with the reduction request, so the Court set a briefing schedule that directed the United States to file a response and allowed Hines to file a reply. The United States has responded—it concedes that Hines is eligible for a reduction under Amendment 782 but says that one shouldn't be granted given Hines' history. Hines has declined to file a reply, so his motion for a reduction is now ripe for review.

Amendment-based reductions to sentences are governed by 18 U.S.C. § 3582(c)(2), which says that a district court "may" reduce a defendant's term of imprisonment when the defendant's sentencing range has been retroactively lowered by the Sentencing Commission. The Court says "may" because the ultimate decision to

reduce is discretionary. *United States v. Nichols*, 789 F.3d 795, 795 (7th Cir. 2015). In deciding whether a reduction is proper, the Court first determines the amended guideline range, the prisoner's eligibility for a reduction, and the extent of the reduction. *United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016). After that, the Court considers the applicable 18 U.S.C. § 3553(a) factors, any threat to the public, and the defendant's post-sentencing conduct—and based on those points determines whether a reduction is appropriate. UNITED STATES SENTENCING GUIDELINES § 1B1.10, cmt. n.1(B); *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012).

It looks as if Hines is eligible for a reduction, as Amendment 782 seems to impact his drug sentences. His two drug convictions were grouped together for offense level calculation, so both sentences are likely eligible for a reduction. *United States v. Collazo-Santiago*, 637 F. App'x 951, 952 (7th Cir. 2016). Based on the drug tables in Section 2D1.1 of the Guidelines at the time of Hines' sentencing and an adjustment not at issue, Hines had an offense level of 16 and an advisory range of 46 to 57 months for each count. Under the friendlier version of the Guidelines now in force, Hines would have an offense level of 14 and an advisory range of 37 to 46 months for each count. If all things were equal, then, Hines would be entitled to some reduction in his sentences.

All things, however, are not equal. Even if a defendant is eligible for a reduction under § 3582(c), a reduction might not be proper if the defendant has a lengthy criminal history, a history of threatening behavior, or an abysmal post-sentencing prison disciplinary record, *United States v. Harris*, 637 F. App'x 218, 219 (7th Cir. 2016), and Hines has all three. Hines' criminal resume is quite lengthy—he was 38 at the time of

3

his sentencing, and by then had already amassed a total of sixteen convictions. Hines also behaved in a disruptive and threatening manner during his trial in this case and boasted to the undersigned at sentencing of his success in throwing a cocktail of feces, urine, and semen at a prison official in a way that got some of that material into the official's mouth. That conduct alone suggests that he would be a threat to the community if he were to be released early, and that threat is confirmed by Hines' disciplinary history with the Bureau of Prisons since his sentencing. While Hines has completed some educational programming and counseling, he was recently in administrative detention, and he has been disciplined over 20 times by prison officials since the undersigned last saw him. His disciplinary violations run the gamut—from refusing to obey orders to possessing unauthorized items, and from possession of drugs to assault and possession of a weapon.[1] Especially in light of Hines' prison disciplinary history, his conduct at his trial, and the fact that he boasted about assaulting a prison official at his sentencing, Hines represents a threat to the public.

In sum, the Court has carefully reviewed the § 3553(a) factors and the relevant policy considerations in the Guidelines, and is of the view that Hines' history and characteristics preclude a reduction. His reduction motion (Doc. 265) is **DENIED**.

---

[1] All of these bases for denying Hines' request for a reduction were advanced by the United States in its response to Hines' *pro se* reduction motion and, despite being given the opportunity to file a reply, Hines has said nothing about them.

IT IS SO ORDERED.

DATED:  October 28, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**