# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 23, 2018
Decided September 18, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-2837

| | |
|---|---|
| COREY LOUIS HINES,<br>*Applicant*, | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |
| *v.* | |
| UNITED STATES OF AMERICA,<br>*Respondent*. | |

**O R D E R**

Corey Hines, already a federal inmate at the time, was caught smuggling drugs into his prison. A jury found him guilty of possessing contraband and possessing marijuana with intent to distribute it, and he was sentenced to consecutive imprisonment terms of 84 and 60 months. On direct appeal, we affirmed. *United States v. Hines*, 407 F. App'x 975 (7th Cir. 2011). Hines then moved unsuccessfully under 28 U.S.C. § 2255 to vacate the sentence, and we dismissed his ensuing appeal for failure to file a docketing statement. No. 13-3763 (7th Cir. June 13, 2014).

Next, Hines filed two applications under 28 U.S.C. §§ 2244(b) and 2255(h) for our leave to file a new collateral attack. Both times, we said no; the second time, we also

warned him that future frivolous filings would lead to sanctions. No. 14-2763 (7th Cir. Aug. 18, 2014); No. 18-1450 (7th Cir. Mar. 26, 2018).

Now Hines returns with a third application for leave to file a new § 2255 motion. He claims that the trial judge conducted an unnecessary hearing on his competence, wrongly revoked his pro se status (when Hines persistently refused to appear in the courtroom), and improperly permitted counsel to withdraw before his direct appeal started. Hines adds that counsel abandoned him (or, at least, was generally ineffective) at sentencing, and that the judge miscalculated the drug quantity.

But these claims—to the extent they differ at all from the ones raised on direct appeal and in Hines's prior applications—do not meet § 2255(h)'s standard for successive collateral attacks. The statute requires either previously unavailable evidence establishing Hines's innocence, 28 U.S.C. § 2255(h)(1), or a claim that rests on a new and retroactive constitutional rule from the Supreme Court, *id.* § 2255(h)(2). Hines has neither.

Thus, we DENY authorization and DISMISS Hines's application for leave to file a successive collateral attack. And because Hines has continued to file frivolous papers after our clear warning, we sanction him as follows:

Hines is fined $500. Until he pays that sum in full to the clerk of this court, any collateral attack on his 2010 conviction or sentence that he submits to any court of this circuit will be returned unfiled. Any application for leave to file a successive collateral attack on this conviction or sentence will be deemed denied 30 days after filing unless the court orders otherwise. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit